DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which adopted a magistrate's decision granting a post-divorce motion to show cause filed by appellee, Ursula Kluge. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Kurt Kluge, sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "ERROR NO. 1
 "THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED REVERSIBLE ERROR, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY ADOPTING A MAGISTRATE'S DECISION THAT INCLUDED FINDINGS THAT APPELLANT WAS IN CONTEMPT OF COURT AND APPELLEE SUFFERED DAMAGES CONSISTING OF LOST RENTAL INCOME."
The following facts are relevant to this appeal. The parties were granted a divorce on February 23, 1998. Appellant timely appealed. On July 23, 1999, this court affirmed the decision of the trial court. On September 13, 1999, this court denied a motion for reconsideration filed by appellant.
During the pendency of the above appeal, appellant filed a motion to stay execution of judgment in this court which was denied and a motion to stay execution of judgment in the trial court which was also denied. On January 15, 1999, appellee filed a motion to show cause and for lump sum judgment in regard to appellant's failure to execute a quit claim deed and transfer property that had been awarded to appellee in the divorce; appellant's use of the same property; and appellant's failure to pay appellee for her share of a stamp collection. Following a hearing on the motion, the magistrate issued her decision on July 7, 1999. Appellant timely filed his objections; appellee filed a response to appellant's objections. On October 12, 1999, the trial court found appellant's objections not well-taken and affirmed the magistrate's decision. Appellant filed a timely notice of appeal.
In his assignment of error, appellant contends that the trial court abused its discretion, committed reversible error and ruled against the manifest weight when it adopted the magistrate's decision which found appellant in contempt for failing to follow the court's order regarding the condominium and the stamp collection; granted appellee a lump sum judgment in the amount of $3,750 in regard to appellee's share of the stamp collection as set forth in the parties' divorce decree; and granted appellee a lump sum judgment in the amount of $1,000 for appellant's use of the condominium granted to appellee in the parties' divorce decree. This court finds no merit in this assignment of error.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. (Citations omitted). In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Buckles v.Buckles (1988), 46 Ohio App.3d 102, 110.
In his first argument, appellant argues that expert testimony was required in order to evaluate the value of the lost rental income to appellee when appellant used the condominium awarded to appellee in the divorce two different times without appellee's permission following the divorce decree. This court does not agree. Appellant, a member of the board of directors of the condominium association, testified himself as to the rental charged during the two different times of the year during which appellant used the condominium as well as the percentage of the rental fees an owner would be due.
In general, a witness must be qualified as an expert before testifying as to his or her opinion on the value of property. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, paragraph one of the syllabus. However, an exception to this rule exists to permit an owner to testify as to the value of his property without being qualified as an expert. Id. at paragraph two of the syllabus. This exception is premised on the notion that an owner is familiar with the property from having purchased or dealt with it. Id. Thus, since appellant was familiar with this marital property not only as an owner but also as a member of the board of directors of the condominium association, the trial court was not precluded from adopting his opinion as to the value of the lost rental income. Thus, upon consideration of the entire record of proceedings, this court finds that the trial court's decision to award appellee $1,000 as the value of the lost rental income was not unreasonable, arbitrary or unconscionable.
Appellant also argues that the trial court erred in granting appellee a lump sum judgment against him in the amount of $3,750 in regard to appellee's share of the stamp collection as set forth in the parties' divorce decree. The parties' divorce decree provided that appellant was to pay appellee her half share of the value of the stamp collection within ninety days or if the sum was not paid, appellee had the option of receiving the collection and paying appellant the same amount or the option of selling the collection and the parties dividing the net proceeds of the sale equally. Appellee admitted that she had not requested the stamp collection; appellee further testified that her prior experience was that she did not receive a response whenever she requested anything.
Upon consideration of the entire record of proceedings, this court finds that the trial court's decision to award appellee a lump sum judgment against appellant in the amount of $3,750 in regard to appellee's share of the stamp collection was not unreasonable, arbitrary or unconscionable.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 _______________________ HANDWORK, J.
 James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.